Affirmed and Memorandum Opinion filed May 1, 2007








Affirmed and Memorandum Opinion filed May 1, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00598-CR

____________

 

MICHAEL RAY WALKER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court 

Harris County, Texas

Trial Court Cause No. 1068596

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Michael Ray Walker, was tried for murder and the
offense of being a felon in possession of a firearm.  Appellant waived his
right to trial by jury, and the court found him not guilty of murder, but
guilty of being a felon in possession of a firearm.   On appeal, appellant
complains that the evidence offered at trial was legally and factually
insufficient to prove he committed burglary of a building, as alleged in the
indictment.  Because we find the evidence was legally and factually sufficient
to prove the commission of burglary of a building, we affirm. 

Factual
and Procedural Background

On May 29, 2005, appellant went to the 3400 block of Dennis
Street in Houston to buy marijuana.  He encountered Roel Castillo, who was
selling marijuana, and the two began a conversation on the steps of an
apartment complex.  The conversation turned into an argument, with harsh words
being exchanged between the two.  Castillo drew a pistol and pointed it at
appellant.  Appellant then drew his own firearm and shot several rounds at
Castillo.  Castillo received three gunshot wounds, and died from his injuries. 

Appellant fled the scene, taking his weapon and Castillo=s pistol with him,
and disposing of them in the Houston Ship Channel.  He later turned himself in
and gave a videotaped statement to the police explaining his version of
events.  Appellant was charged by an indictment with first degree murder and
the felony offense of being a felon in possession of a firearm.  Specifically,
the indictment charged him with possessing a firearm after having been
convicted of burglary of a building.  He pleaded not guilty to both charges. 

At trial, a fingerprint examiner from the Harris County
Sheriff=s Department Crime
Scene Unit testified that he compared appellant=s fingerprint to
the fingerprint on a judgment and sentence of prior conviction for Aburglary with
intent to commit theft.@  The judgment stated that judgment was
entered and sentence imposed on December 10, 2002.  The judgment also stated
the punishment as 12 months in the State Jail Division of the Texas Department
of Criminal Justice. 

Appellant testified at trial in his defense, and on cross
examination admitted he had been convicted of burglary and had been imprisoned
for the offense in 2002.  He contended, however, that it was not burglary of a
building, but burglary of a house.  

Analysis

I.        Legal
Sufficiency 

In his first issue, appellant argues that the evidence
adduced at trial was legally insufficient to prove that his possession of a
firearm was after a conviction of Aburglary of a
building@ as stated in the
indictment.   

A.      Standard
of Review

In reviewing a sufficiency question, we must view the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jones v. State, 944 S.W.2d 642, 647 (Tex.
Crim. App. 1996).  The fact-finder is the exclusive judge of the credibility of
witnesses and of the weight to be given testimony, and it is also the exclusive
province of the fact-finder to reconcile conflicts in the evidence.  See id.
 We may not reevaluate the weight and credibility of the record evidence,
and thereby substitute our judgment for that of the fact-finder.  See
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  We evaluate
the legal sufficiency of evidence based on the hypothetically correct jury
charge for the case.  Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim.
App. 1997).  

B.      Evidence
Was Legally Sufficient








As part of proving the offense of felon in possession of a
firearm, the State had to prove conviction of a felony, and possession of a
firearm within five years of the felon=s release from
prison, or from community supervision, parole, or mandatory supervision,
whichever is later.  See Tex.
Penal Code ' 46.04.  Here, the indictment stated in
pertinent part, ADefendant, heretofore on or about May 29,
2005, did then and there unlawfully intentionally and knowingly possess a
firearm, after having been convicted of a felony, namely, BURLARY [sic] OF A
BUILDING in the 337th District Court of Harris County, Texas, in Cause Number
926695 on December 10, 2002....@  By naming the felony, the court, the
cause number, and the date, the State may have pleaded more information than
necessary, but for purposes of this appeal, we will consider the indictment to
be incorporated into our hypothetically correct jury charge. [1]

Appellant argues that the testimony of Randy Schield, a
fingerprint expert, that the fingerprints on a certified copy of a judgment and
sentence belonged to appellant is inadequate because the judgment and sentence
recite a conviction for Aburglary with intent to commit theft,@ rather than Aburglary of a
building@ as stated in the
indictment.  However, those are not necessarily two different offenses.  They
could also be two ways of stating the same offense.  An examination of section
30.02 of the Texas Penal Code reveals that each of the ways that burglary can
be committed involves entering or remaining in a Abuilding@ or Ahabitation@ and intending to
commit or actually committing a felony, theft, or assault without the effective
consent of the owner.  See Tex.
Penal Code ' 30.02.  Thus, where the offense was
committed, and what type of behavior was engaged in or intended, are separate
elements of the same offense.  ABurglary of a building@ could be an
abbreviated way of saying Aburglary of a building with intent to
commit theft.@  

Furthermore, the judgment and sentence that was admitted
into evidence provided that the sentence for the offense was 12 months in the
State Jail Division of TDCJ.  This punishment is available only for offenses
committed in buildings other than habitations, i.e., in buildings.  See Tex.
Penal Code ' 30.02(c).  Therefore, the testimony of
the fingerprint expert combined with the judgment and sentence showed that
appellant was previously convicted of burglary of a building, as stated in the
indictment.  The fact that the judgment and sentence stated that the burglary
was Awith intent to
commit theft@ does not contradict the indictment in any way.








Appellant also testified regarding the prior offense.  He
testified that he was convicted of burglary, and went to state jail for the
conviction in 2002.  He claimed the conviction was for burglary of a Ahouse@ rather than
burglary of a building.  Burglary of a house is not the same as burglary of a
habitation.  A house can be a building and not a habitation if it is not
adapted for overnight accommodation of persons.  See Blankenship v. State,
780 S.W.2d 198, 209 (Tex. Crim. App. 1989) (enumerating factors to determine if
a structure is adapted for overnight accommodations). The testimony of the
fingerprint expert and the admitted judgment of conviction provide legally
sufficient evidence that appellant had been convicted of burglary of a
building.       The evidence presented at trial concerning appellant=s prior conviction
for burglary of a building is more than enough to enable a rational trier of
fact to find that it had been proved beyond a reasonable doubt.  

II.       Factual
Sufficiency

A.      Standard
of Review

We review the factual sufficiency of the evidence by
viewing all the evidence in a neutral light.  See Cain v. State, 958
S.W.2d 404, 408 (Tex. Crim. App. 1997).   We may set the verdict aside if the
evidence is so weak that the verdict is clearly wrong and manifestly unjust or
if the verdict is against the great weight and preponderance of the evidence.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We must discuss the
evidence that, according to appellant, most undermines the jury=s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim . App. 2003).

B.      Evidence
Was Factually Sufficient

We have already discussed that the prior sentence that was
admitted into evidence affirmatively shows, through the length of sentence,
that appellant was convicted previously for burglary of a building.  The only
evidence brought forward by appellant to refute this is the fact that the
judgment and sentence from the prior conviction states Aburglary with
intent to commit theft@ rather than Aburglary of a
building,@ and the fact that appellant denied being convicted of
burglary of a building. 








  The only evidence that appellant was convicted of
burglary of a house is the testimony of appellant.  The court, as the trier of
fact was free to disbelieve appellant=s testimony in favor
of the judgment and sentence offered into evidence by the State.  It is not our
place to reevaluate the credibility of evidence before the trier of fact.  See
Cain, 958 S.W.2d at 407.

As discussed above, neither of these pieces of evidence
truly refutes the State=s evidence, and certainly not to an extent
that we can say the verdict is clearly wrong or unjust, or that the verdict is
against the great weight and preponderance of evidence.  Therefore, the
evidence was factually sufficient to support the conviction. 

Conclusion

Having overruled both appellant=s legal
sufficiency and factual sufficiency issues, we affirm the judgment of the trial
court. 

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed May 1, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  We do not treat this case as one involving a
variance under Gollihar v. State, 46 S.W.3d 243 (Tex. Crim. App. 2001)
because under Gollihar, a variance occurs when the State has proven a
defendant guilty of a crime, but has proven its commission in a manner that
varies from the allegations.  Gollihar, 46 S.W.3d at 246.  As we explain
in this opinion, we believe that the State has proven appellant guilty of a
crime in accordance with its allegations in the indictment.  Therefore variance
law does not apply here.